ABBAS KAZEROUNIAN (SBN 249203)
*ak@kazlg.com*
MONA AMINI (SBN 296829)
*mona@kazlg.com*
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Tel.: +(800) 400-6808
Fax: +(800) 520-5523

Attorneys for Plaintiffs:
MADELENE STANLEY and KATHERINE KELSCH

BROOKS R. BROWN (SBN 250724)
*BBrown@goodwinlaw.com*
W. KYLE TAYMAN (*pro hac vice*)
*BBrown@goodwinlaw.com*
**GOODWIN PROCTER LLP**
1900 N Street, NW
Washington, DC  20036
Tel.: +1 202 346 4000
Fax: +1 202 346 4444

Attorney for Defendants:
TERRA TECH CORP. and MEDIFARM, LLC

[*ADDITIONAL COUNSEL LISTED IN SIGNATURE BLOCK*]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| MADELENE STANLEY and KATHERINE KELSCH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TERRA TECH CORP.; and MEDIFARM, LLC,<br><br>Defendants. | Case No. 8:21-CV-00022-JLS-DFM<br><br>**STIPULATION OF DISMISSAL WITH PREJUDICE OF THE INDIVIDUAL CLAIMS OF PLAINTIFFS MADELENE STANLEY AND KATHERINE KELSCH**<br><br>Dept:   10A<br>Judge:  Hon. Josephine L. Staton |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiffs MADELENE STANLEY and KATHERINE KELSCH ("Plaintiffs") and Defendants TERRA TECH CORP. and MEDIFARM, LLC ("Defendants") (together, the "Parties") hereby stipulate and agree that Plaintiffs' individual claims against Defendants are hereby dismissed with prejudice, with each party waiving their rights of appeal and agreeing to bear their own attorney's fees and costs. The Parties further stipulate and agree that the claims of putative class members are dismissed without prejudice.

Further, in compliance with this Court's Procedures for Settlement of Civil Cases ("Judge's Procedures" No. 19), the Parties state as follows:

1. No Court approval is required of (a) the Parties' confidential settlement of Plaintiffs' individual claims, or (b) the dismissal of class claims because Federal Rule of Civil Procedure 23(e) requires only that this Court approve the settlement, voluntary dismissal, or other compromise of "[t]he claims, issues, or defenses *of a certified class*." FED. R. CIV. P. 23(e) (emphasis added). Here, however, this case is in its initial stages, no motion for class certification was ever filed, and no putative class was ever certified.

2. Although the Ninth Circuit held in *Diaz v. Trust Territory of the Pac. Islands*, 876 F.2d 1401 (9th Cir. 1989), that Federal Rule of Civil Procedure 23(e) applies to pre-certification dismissals and compromises, *id.* at 1408, Rule 23(e) was amended after that decision, and the Advisory Committee notes now expressly provide that the Rule only requires approval if the claims of a certified class are resolved by settlement. FED. R. CIV. P., Rule 23 (Notes from 2003 Advisory Committee).

3. Even if it applies *Diaz* here, however, this Court still should approve the dismissal of Plaintiffs' individual claims with prejudice and the dismissal of the putative class members' claims without prejudice consistent with this Stipulation.

1  This is because all of the *Diaz* factors counsel in favor of this result without notice to
2  the putative class. Specifically, there is no "possible prejudice from (1) class
3  members' possible reliance on the filing of the action [because] they are likely to
4  know of it either because of publicity or other circumstances, (2) lack of adequate
5  time for class members to file other actions, because of a rapidly approaching statute
6  of limitations, [or] (3) any settlement or concession of class interests made by the
7  [putative] class representative[s] or [putative class] counsel in order to further their
8  own interests." *Diaz*, 876 F.2d at 1408.

9      4.    First, it is highly unlikely that there are putative class members that are
10 aware of and have relied on this action given that a diligent search of news sources
11 in the United States reveals minimal media attention around the case, which is
12 "limited to professional legal news sources that are not likely read by lay[]
13 consumers." *Musgrave v. ICC/Marie Callendar's Gourmet Prods. Div.*, 2015 U.S.
14 Dist. LEXIS 172290, at *4-5 (N.D. Cal. Dec. 28, 2015) (citing *Houston v. Cintas*
15 *Corp.*, 2009 U.S. Dist. LEXIS 33704, at *5 (N.D. Cal. Apr. 3, 2009). "Accordingly
16 it is highly unlikely that any absent class member has relied on this case rather than
17 pursuing an action of his or her own." *Id.* at *5. This conclusion is reinforced by the
18 fact that this case is in initial stages, no substantive proceedings have occurred, no
19 substantive rulings have been made, and no motion for class certification has been
20 filed.

21     5.    Second, "[t]here is no danger that absent class members will be
22 prejudiced by a rapidly approaching statute of limitations here." *Musgrave*, 2015
23 U.S. Dist. LEXIS 172290, at *5. Plaintiffs' claims, brought pursuant to the
24 Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*, a federal statute,
25 implicate a four-year statute of limitations. *Ewing v. Freedom Forever LLC*, 2021
26 U.S. Dist. LEXIS 53561, at *11 (S.D. Cal. March 22, 2021) (citing 28 U.S.C. §
27 1658(a) (enacting four-year statute of limitations as to "a civil action arising under
28 an Act of Congress")). Plaintiffs filed their case only a few months ago in January

1  2021. ECF No. 1. Accordingly, "[b]ased on the tolling of the statute of limitations
2  as to the class which occurred by virtue of the filing of [Plaintiffs'] complaint, there
3  is ample time for absent class members to commence a new action should they
4  determine that such a case had merit." *Musgrave*, 2015 U.S. Dist. LEXIS 172290, at
5  *6 (citing *Singer v. Am. Airlines Fed. Credit Union*, 2006 U.S. Dist. LEXIS 82147,
6  at *10 (N.D. Cal. Oct. 30, 2006)).

7       6.    Finally, "dismissal of the putative class claims without prejudice will
8  not affect the rights of putative class members such that notice is necessary" because
9  "the [P]arties do not seek to dismiss the class claims with prejudice and, therefore,
10 they are not impacting the rights of potential class members." *Id.* at *6-7 (citing
11 *Houston*, 2009 U.S. Dist. LEXIS 33704, at *6) (quotation marks omitted)). Indeed,
12 "[t]here has been absolutely no 'settlement or concession' of class interests in
13 resolving this action on an individual basis." *Id.* at *7. Therefore, the interests of
14 absent class members will not be affected by the dismissal of putative class claims
15 without prejudice.

16     WHEREFORE, the Parties respectfully request that this Court approve or
17 endorse this Stipulation, and enter an order dismissing Plaintiffs' individual claims
18 with prejudice, and dismissing the claims of the absent members of the putative class
19 without prejudice, with the Parties to each bear their own attorney's fees and costs.

                              Respectfully submitted,

Dated:  May 11, 2021        By: /s/ *Mona Amini*
                                     ABBAS KAZEROUNIAN
                                     *ak@kazlg.com*
                                     MONA AMINI
                                     *mona@kazlg.com*
                                     **KAZEROUNI LAW GROUP, APC**

                                 Attorneys for Plaintiffs:
                                 MADELENE STANLEY and KATHERINE
                                 KELSCH

Dated:  May 11, 2021        By: /s/ *Brooks R. Brown* *(with permission)
                                     BROOKS R. BROWN

*bbrown@goodwinlaw.com*
W. KYLE TAYMAN (*pro hac vice*)
*BBrown@goodwinlaw.com*
**GOODWIN PROCTER LLP**

AMANDA H. RUSSO (SBN 319617)
*ARusso@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, CA 90017
Tel.: +1 213 426 2500
Fax: +1 213 623 1673

Attorneys for Defendants:
TERRA TECH CORP. and MEDIFARM, LLC

## **ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the undersigned filer hereby attests that all of the other signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

Dated: May 11, 2021          By: /s/ *Mona Amini*
                                 ABBAS KAZEROUNIAN
                                 *ak@kazlg.com*
                                 MONA AMINI
                                 *mona@kazlg.com*
                                 **KAZEROUNI LAW GROUP, APC**

                                 Attorneys for Plaintiffs:
                                 MADELENE STANLEY and KATHERINE KELSCH